UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ISHONIQA BOYD,<br><br>Plaintiff,<br><br>v.<br><br>RIVERPOINT 714 LLC, CTC MANAGEMENT, INC., and DOES 1–30, et al.,<br><br>Defendants. | No. 2:15-cv-1406-KJM-CKD<br><br><br>ORDER |

On May 2, 2016, the United States gave notice that it had declined to intervene in this *qui tam* action under the False Claims Act (FCA). Notice, ECF No. 13. The United States requests that the seal be lifted from this case from the complaint and for all future filings, but not from the other filings in this case. *Id.* These other filings include the United States' requests for extensions of time to decide whether to intervene, and the declarations and other materials submitted in support of those requests.

The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S.* ex rel. *Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006).

1

Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.*  "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S.* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

Here, the United States' request to maintain the seal rests on its argument that previous filings were "provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." Notice at 2. This explanation does not assure the court that a seal is necessary to maintain the confidentiality of "investigative methods or techniques," to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason.

The court therefore orders as follows:

(1) The complaint, ECF No. 1, the United States' notice, ECF No. 13, this order, and all future filings are UNSEALED, but all other contents of the court's file in this action remain under TEMPORARY SEAL pending further order of this court;

(2) Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal;

(3) Relator shall serve the complaint on the defendants;

(4) The parties shall hereafter serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3), and the United States may order any deposition transcripts and is entitled to intervene in this action, for good cause, at any time;

(5) The parties shall serve all notices of appeal upon the United States;

(6) The Clerk of the Court shall send all orders of this court to the United States; and

(7) Should any relator or defendant propose that this action be dismissed, settled, or otherwise discontinued, the court will solicit the written consent of the United States before ruling or granting its approval.

IT IS SO ORDERED.

DATED: May 3, 2016

_____
UNITED STATES DISTRICT JUDGE