UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ISHONIQA BOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERPOINT 714 LLC, CTC MANAGEMENT, INC., and DOES 1–30, et al.,<br><br>    Defendants. | No.  2:15-cv-1406-KJM-CKD<br><br><br>ORDER |

On May 2, 2016, the United States filed a notice of election to decline intervention in this *qui tam* action brought under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.*  ECF No. 13.  On May 4, 2016, this court, in reviewing the declination, ordered several documents on the docket be unsealed: (1) the complaint (ECF No. 1); (2) the United States' notice of election to decline intervention (ECF No. 13); and (3) the court's May 4, 2016 order (ECF No. 14).  ECF No. 14.  In addition, the court ordered the United States to show cause why the remaining court documents, which included two requests to extend the deadline for lifting the seal and supporting declarations attached thereto (ECF Nos. 6, 11), should not be unsealed.  *Id.*  In its response to the court's order, the United States requested that the extension requests and supporting documents remain under seal, or alternatively, that the court allow five business days for the United States to

1

propose redactions to such documents to protect specific confidential information from public disclosure. ECF No. 15. As explained below, this court DENIES the United States' request to retain the seal over the remaining court documents, but GRANTS the United States' request for an opportunity to explain why some information should be redacted.

I.   LEGAL STANDARD

The court provided the applicable legal standard in its May 4, 2016 order. ECF No. 14. The FCA provides that a *qui tam* action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it clearly contemplates that after the United States makes a decision, the seal will be lifted, *see id.* § 3730(b)(3); *U.S. ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Id.* "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see also United States v. CACI Int'l Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). The FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds." *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). Rather, it "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Overall, the court's decision must also account for the fundamental principle that court records are generally open to the public. *U.S. ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

II.   DISCUSSION

Here, the United States provides several reasons to retain the seal over its seal extension requests:

> First, under the federal False Claims Act, the government's decision regarding intervention triggers the unsealing only of the relator's complaint, not the entire docket preceding intervention. Second, revealing the contents of the government's requests to extend the seal and the intervention deadline would give present and future defendants a window into confidential government fraud investigations and would weaken the government's antifraud

efforts.  Third, unsealing such requests would cause harm.  Fourth, unsealing such requests in *qui tam* cases creates a catch-22 for the government: it can either support its requests for extensions of the seal and intervention deadline by publicly divulging the details of a confidential investigation or omit such details and risk the court denying an extension.

ECF No. 15 at 2.

With respect to the first reason, the court declines to reconsider its previous interpretation of the applicable legal standard articulated in its May 4, 2016 order.  Although it is true the FCA does not explicitly reference the unsealing of any documents filed with the court except the complaint, the FCA also does not expressly preclude the court's determining the propriety of lifting the seal on other documents.  *U.S. ex rel. Erickson*, 339 F. Supp. 2d at 1126.  It is within the court's authority to determine if the seal should be lifted in part or in whole.  *See U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

The court is also not persuaded by the second reason.  The United States argues the requests for extension reveal "specific, confidential information regarding the investigation," such as "a description of [a] meeting between the government and a third party," "the government's methods for obtaining relevant documents," and the "government's investigatory plan going forward."  ECF No. 15 at 4.  But a careful *in camera* examination of the cited documents shows that they merely describe routine investigative procedures, without implicating specific people or providing substantive details.  In discussing the reasons an extension was warranted, the United States provided a general description of the nature and status of requests made to further its investigation.  *See, e.g.*, ECF No. 11-1 at 2.  Although the second request to extend the seal detailed specific categories of information and documents being requested, it did not disclose any confidential information, investigative techniques, or attorney thought processes.  *See id.*  Thus, this situation is analogous to the one described in *United States v. CACI*, in which the court denied a request to retain extension requests under seal because the requests did not provide any substantive details about the investigation.  885 F. Supp. at 83.

Similarly, with respect to the third reason, it is not clear how disclosure of the remaining court documents would be harmful.  The United States speculates that unsealing the

3

requests would generally interfere with the government's anti-fraud efforts, but does not describe any specific, concrete harm that would follow any unsealing. Asserting speculative and general harms, without more, does not satisfy the required showing that disclosure would reveal confidential investigative methods or techniques, jeopardize an ongoing investigation, or harm non-parties. *See U.S. ex rel. Lee v. Horizon Wests, Inc.*, 2006 WL 305966, at *2.

Finally, the fourth "catch-22" argument is unavailing. If, as appears to be the case here, the United States erred on the side of withholding details in the event its sealing request was denied, then those details will not be disclosed upon unsealing.

III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The United States' request to retain the seal on the remaining court documents is DENIED.
2. Within five (5) business days of the date this order is filed, any party may SHOW CAUSE *in camera* why the remaining documents should be redacted before unsealing.
3. The Clerk of the Court shall maintain a temporary seal over the remaining documents pending the parties' response to the show cause order above.

IT IS SO ORDERED.

DATED: June 9, 2016

UNITED STATES DISTRICT JUDGE